BOARD OF COMMISSIONERS OF THE TOWN OF NUTLEY, COUNTY OF ESSEX, NEW JERSEY, PROSECUTOR, v. CHARLES J. A. ERNST, FREDERICK H. YOUNG AND DUDLEY R. SHEPARD AND NUTLEY-BLOOMFIELD JOINT OUTLET SEWER COMMISSION, ETC., RESPONDENTS.

Submitted January 18, 1938—Decided April 6, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Edwin J. C. Joerg.*

For Frederick H. Young and Dudley R. Shepard, *Joseph F. Donohue.*

For Nutley-Bloomfield sewer commission and Charles J. A. Ernst, *Edward C. Pettit.*

BODINE, J. The town of Nutley seeks to have set aside the action of the Nutley-Bloomfield joint outlet sewer commission in purporting to fix compensation for Charles J. Ernst, Frederick H. Young and Dudley R. Shepard. On December 7th, 1935, the commission organized pursuant to

3 *Comp. Stat., p.* 3588. Present and voting at the meeting were a number of representatives of the towns of Bloomfield and Nutley. Councilman Ernst, of Bloomfield, was elected chairman and Commissioner Young, of Nutley, secretary-treasurer. Mayor Rife, of Nutley, made a motion unanimously carried, leaving the question of compensation for the officers of the commission to be determined by separate votes of the municipal authorities of the towns of Bloomfield and Nutley. A second meeting of the joint commission was held December 12th, 1935. Councilman Ernst, as chairman, and Commissioner Young alone were present, the other councilmen, mayors and commissioners not being notified. Dudley R. Shepard, superintendent of public works of the town of Nutley, was appointed resident engineer at a salary of $50 a month. At the second meeting held in the same manner, without notice, compensation for members attending was fixed at the rate of $15 per meeting and compensation for officers at the rate of $5 per meeting. The responsible officers of both municipalities knew nothing of this action and were not notified of the calling of these or other meetings. The officers of the commission failed to furnish detailed reports as to disbursements for salaries, wages, &c., until forced so to do on July 20th, 1937.

The statute, so far as pertinent with respect to the organization of the joint meeting, is as follows: "It shall be lawful for the respective governing bodies or boards of the municipalities so contracting having authority to construct sewers and drains therein, and it shall be their duty, to meet in joint meeting, at such time and place as may be fixed in writing by a majority of the presiding officers of such bodies or boards; and such bodies or boards of said contracting municipalities shall meet at the time and place so to be designated as aforesaid, and shall proceed at once to organize as a joint meeting, by electing, by ballot, a member of one of the bodies or boards of the municipalities composing such joint meeting, a permanent chairman of such joint meeting; said joint meeting shall, immediately after selecting a permanent chairman, and at the same meeting, proceed to elect a secretary

and a treasurer and such other officers, servants and agents, *and fix their compensation, as a majority of the municipal bodies or boards present and voting in such joint meeting shall deem proper and advisable."* 3 *Comp. Stat., p.* 3590.

The respondents maintain that the action taken was valid because Mr. Young was designated to act for the town of Nutley and Mr. Ernst for the town of Bloomfield. They contend that there is a provision of the act to the effect that in the case of the presence of one member of the municipal body or board the vote of his municipality may be cast by him. 3 *Comp. Stat., p.* 3591, § 490. We do not think the legislature intended that the officers of the commission should fix their own salaries.

The respondents, as representatives of their respective municipalities, were certainly under a duty not to vote themselves salaries without a full, fair and complete disclosure of such acts to their respective municipalities. The statutes and the portions quoted, with respect to the organization of the joint meeting, contemplate that salaries should be fixed at that meeting when all the representatives of the respective municipalities should have written notice of the time and place fixed for the meeting. Subsequent meetings, when salaries were voted to the chairman, secretary and engineer in charge, were so far as the record discloses without notice to the officers of the respective municipalities. The action taken, being not disclosed until long afterwards, evidences bad faith and a total disregard of the right and duty of the officers of the municipalities affected to fix the compensation to be paid, if any, to the officers of the joint commission. The action taken was unjustified in every way. It discloses a willful disregard of the fundamental principles of municipal honesty. The prosecutor, upon discovery, seems to have been diligent in prosecuting this action to set aside the action taken.

The action taken by the chairman and secretary of the joint commission in voting salaries to themselves in the manner stated will be set aside, with costs.